**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WHITE SANDS
CONSTRUCTION, INC.,

Plaintiff,

v. Civ. No. 26-2694 GBW/JHR

PILLAR ENGINEERING, LLC
and AXA XL INSURANCE
COMPANY,

Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand. *Doc. 13*. Having reviewed the briefing and relevant law, the Court will grant the motion for the reasons explained below.

## I. BACKGROUND

Plaintiff filed this action in the Twelfth Judicial District on June 18, 2026, asserting state law claims based on a construction project in Ruidoso, New Mexico. *Doc. 1-1* at 1–10. Plaintiff White Sands Construction, Inc. served as the general contractor for the project. *Id*. at ¶ 7. Defendant Pillar Engineering, LLC ("Pillar") was retained as the engineer of record. *Id*. at ¶ 8. Plaintiff alleges that Pillar's engineering services were defective and that Plaintiff was forced to remediate the defective work at its own expense. *Id*. at ¶¶ 6–24.

Defendant XL Specialty Insurance Company ("XL"), incorrectly named in the complaint as AXA XL Insurance Company, *see doc. 1* at 3, was Pillar's insurer and provided coverage for claims arising from the project. *Doc. 1-1* at ¶¶ 3, 25. The complaint alleges that XL was obligated to defend and indemnify Plaintiff because Plaintiff was a third party beneficiary and/or additional insured under the relevant insurance policy. *Id*. at ¶ 58. XL refused to process Plaintiff's claims under the policy. *Id*. at ¶ 60. Plaintiff asserts claims against XL for breach of contract and breach of the implied covenant of good faith and fair dealing. *Id*. at ¶¶ 55–72.

XL removed the action to federal court on August 14, 2026. *Doc. 1*. On August 21, 2026, XL filed a motion to dismiss for failure to state a claim, arguing that Plaintiff is not an additional insured, a third-party beneficiary, or otherwise entitled to assert a direct action against XL. *Doc. 4*. On September 3, 2026, Plaintiff filed the instant motion for remand. *Doc. 13.*

## II. LEGAL STANDARD

A defendant may remove an action to federal court if a United States district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). As relevant here, a federal district court has subject matter jurisdiction over an action if the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The diversity requirement is satisfied only by "complete" diversity, which

means that "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

Federal jurisdiction attaches at removal, and "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citations omitted). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

## III. ANALYSIS

Plaintiff moves to remand the case for lack of complete diversity. Plaintiff is "a New Mexico corporation . . . with its principal place of business in New Mexico." *Doc. 1-1* at ¶ 1. The complaint states that Pillar "is a New Mexico limited liability company."[1] *Id.* at ¶ 2. XL does not dispute that both Plaintiff and Pillar are New Mexico citizens for purposes of diversity jurisdiction. *See doc. 1* at 3–5. However, XL contends that under the doctrine of fraudulent misjoinder, diversity of citizenship "must be considered without reference to Defendant Pillar" because the joinder of XL, the insurer, is inappropriate in an action against its insured. *Id*. at 5; *see also doc. 17* at 2–4.

---

[1] This allegation does not conclusively establish Pillar's citizenship for federal diversity purposes because it is unsupported by factual allegations about the citizenship of each of Pillar's members. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated associated for purposes of diversity, federal courts must include all the entities' members." (citations omitted)). However, it was XL's burden on removal to show that Pillar's citizenship does not destroy diversity. Because XL has not made this showing and does not dispute that Pillar is a citizen of New Mexico, the Court conducts no further inquiry.

A. Fraudulent Misjoinder

Fraudulent misjoinder is also referred to as "procedural misjoinder." *See Lopez v. Spur Energy Partners, LLC*, Civ. No. 22-937 JB/LF, 2024 U.S. Dist. LEXIS 234901, at *30 (D.N.M. Dec. 31, 2024). It occurs "when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006)). Unlike fraudulent joinder, which "inquires into the substantive factual or legal basis for the plaintiff's claim," fraudulent misjoinder "inquires into the procedural basis for the plaintiff's joinder of the spoiler." *Lopez*, 2024 U.S. Dist. LEXIS 234901, at *30 (quoting Percy, 9 Harv. J.L. & Pub. Pol'y at 572).

Under the Federal Rules, two or more parties may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).[2] If these requirements are not met, "joinder is improper even if

[2] Some courts have also considered whether joinder is proper under state procedural rules. *See, e.g.*, *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (holding that joinder was improper if the requirements found in Rule 20 and the equivalent Texas rule were not met). To the extent

there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("A defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921))). If a defendant is fraudulently misjoined, the federal court may "[d]isregard[] the citizenship of the improperly joined parties . . . and sever[] and remand[] the remainder of the action to state court." *Tapscott*, 77 F.3d at 1360.

Assuming, without deciding, that fraudulent misjoinder doctrine is recognized in the Tenth Circuit,[3] XL has failed to demonstrate it supports diversity jurisdiction here. First, XL has not shown that its joinder with Pillar is procedurally deficient. The claims against Pillar and XL share a common factual basis: Pillar's allegedly defective work on the construction project and Plaintiff's damage therefrom.[4] *C.f. Tapscott*, 77

---

it is relevant, the New Mexico procedural rule for joinder is substantively identical to Rule 20. *See* Rule 1-020(A) NMRA.

[3] So far, the Tenth Circuit has declined to recognize the doctrine. *See Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) ("There may be many good reasons to adopt procedural misjoinder . . . [b]ut we need not decide that issue today, because the record before us does not show that adopting the doctrine would change the result in this case."); *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014) (observing that the doctrine of fraudulent misjoinder "has not yet been adopted within this circuit"). *But see Lopez*, 2024 U.S. Dist. LEXIS 234901, at *34 (noting that fraudulent misjoinder has been applied on several occasions in the District of New Mexico).

[4] The precise contractual basis for the claims against XL is admittedly unclear. The complaint alleges that Plaintiff was "a third-party beneficiary and/or additional insured under the policies," *doc. 1-1* at ¶ 58, but does not include the relevant policy language or any additional details about the contractual relationship between Plaintiff and XL. XL attached to the notice of removal an insurance policy issued to Pillar on August 14, 2022. *Doc. 1-1* at 40–76. In its motion to dismiss, XL cites the section of the policy

F.3d at 1360 (claims were improperly joined where there was no allegation of joint liability, the transactions on which the claims were based were "wholly distinct," and the only commonality alleged was that the violations arose under the same law). XL argues that the claims are unrelated because "[t]he claims against Pillar arise from alleged wrongful acts in providing construction engineering services to Plaintiff whereas the claims against XL arise out of its alleged failure to provide benefits under an insurance policy." *Doc. 17* at 6. But as XL also acknowledges, the claims against it are wholly dependent on the outcome of the claims against Pillar. *See id.* at 3 ("Because the liability action against Pillar has not been concluded and there has been no judicial determination of fault or an award of damages, XL has been improperly added as a defendant in this action."). In fact, the crux of XL's argument is not that the claims against it are procedurally unrelated to the claims against Pillar but that they are substantively improper—i.e., that they cannot (at present) be brought at all. *See id.* at 2–4; *doc. 1* at 1–5. As explained above, the relevant question for fraudulent misjoinder is whether joinder of the claims is procedurally appropriate, not whether the claims are substantively viable. *See Lafalier*, 391 F. App'x at 739 (quoting Percy, 9 Harv. J.L. & Pub. Pol'y at 572). Furthermore, to qualify as fraudulent misjoinder, the joinder must be not just procedurally improper but "egregious." *See id*. (quoting *Tapscott*, 77 F.3d at 1360).

---

that defines the term "INSURED" and argues that Plaintiff did not fall under any of the seven enumerated categories. *Doc. 4* at 4–5. Ultimately, for the reasons explained herein, the Court does not reach these substantive questions of New Mexico law. Likewise, the Court does not assess the sufficiency of the allegations under Fed. R. Civ. P. 12(b)(6).

The Court finds no such violation here. Based on the allegations of the complaint, there appears to be an arguably proper procedural basis to join the claims against XL with the claims against Pillar.

Second, the Court finds that the doctrine of fraudulent misjoinder would not create removal jurisdiction even if the claims against XL and Pillar were improperly joined. Fraudulent misjoinder authorizes the federal court to disregard "the citizenship of the *improperly joined parties*." *Tapscott*, 77 F.3d at 1360 (emphasis added). XL contends that it, not Pillar, is the improperly joined party. *See*, *e.g.*, *doc. 17* at 2 ("Plaintiff improperly joined XL in the same action in which it asserts claims against XL's insured (Pillar)."), 3 ("XL has been improperly added as a defendant in this action"). XL's argument is grounded in the New Mexico Supreme Court's holding that "joinder *of the insurer* is inappropriate" in an action against its insured. *Martinez v. Reid*, 46 P.3d 1237, 1239 (N.M. 2002) (emphasis added). At most, therefore, a showing of fraudulent misjoinder would entitle the Court to disregard the citizenship of XL—the "improperly joined part[y]." *Tapscott*, 77 F.3d at 1360. But Pillar, not XL, is the jurisdictional "spoiler," *Lopez*, 2024 U.S. Dist. LEXIS 234901, at *30 (quoting Percy, 9 Harv. J.L. & Pub. Pol'y at 572), so federal jurisdiction would not attach regardless. In short, the Court lacks removal jurisdiction even if XL was "fraudulently misjoined."

Finally, the Court returns to the bedrock principle that "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333. To the extent there is any uncertainty

about whether fraudulent misjoinder doctrine applies to this case, the Court must resolve that uncertainty in favor of remand and does so here.

B. Fraudulent Joinder

Although XL's removal argument is expressly based on "fraudulent misjoinder," *see doc. 1*; *doc. 17* at 4 n.1, the thrust of its principal argument—that Plaintiff has no claim against XL under New Mexico law—is substantive, not procedural, and more closely aligns with a theory of fraudulent joinder. *See Lopez*, 2024 U.S. Dist. LEXIS 234901, at *30 ("[F]raudulent joinder doctrine inquires into the substantive factual or legal basis for the plaintiff's claim[.]" (quoting Percy, 9 Harv. J.L. & Pub. Pol'y at 572)). The Court therefore considers its applicability.

To prove fraudulent joinder, the removing party must show "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood v. III. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Montano v. Allstate Indem.*, 2000 U.S. App. LEXIS 6852, at *4–5 (10th Cir. Apr. 14, 2000) ("To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." (alterations in original) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)). The impossibility of recovery must be clear. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be

disregarded for purposes of diversity jurisdiction."). The removing defendant "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

XL contends that Plaintiff is neither an additional insured nor a third-party beneficiary under the applicable policy, and therefore, that Plaintiff has no possibility of recovery against XL. *Doc. 17* at 2–3; *see also Martinez*, 46 P.3d at 1240; *Raskob v. Sanchez*, 970 P.2d 580, 581 (N.M. 1998). However, there can be no reasonable argument that XL was "fraudulently joined to defeat diversity," *Keating v. Shell Chem. Co.*, 610 F.2d 328, 331 (5th Cir. 1980), because its joinder did not defeat diversity. Pillar, not XL, is the in-state defendant against whom the impossibility of recovery must be shown. It is therefore immaterial for purposes of removal jurisdiction whether Plaintiff has a cause of action against XL, and the doctrine of fraudulent joinder does not defeat remand in this case.

C. Attorney Fees and Costs

Plaintiff requests its costs and expenses under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Doc. 13* at 10. The court has discretion to award fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Garrett v. Cook*, 652 F.3d 1249, 1254

(10th Cir. 2011) (quoting *Porter Trust v. Rural Sewer Water & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010)). While the Court disagrees with XL's interpretation of fraudulent misjoinder doctrine, it does not find that XL's arguments were objectively unreasonable or made in bad faith. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) (explaining that fee awards under § 1447(c) should effect the purpose of "deter[ring] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party"). The Court therefore declines to award fees under § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Remand (*doc. 13*) is GRANTED; this action is REMANDED to the Twelfth Judicial District; and all parties shall bear their own fees and costs.

**IT IS SO ORDERED.**

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**